UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANCE REBERGER,<br><br>    Plaintiff,<br> v.<br>MICHAEL BYRNE et al.,<br><br>    Defendants. | Case No. 3:15-cv-00143-MMD-VPC<br><br>ORDER |

This action is a *pro se* motion for temporary restraining order/preliminary injunction filed by a state prisoner. (ECF No. 1-1.) On March 16, 2015, this Court issued an order denying Plaintiff's application to proceed *in forma pauperis* because Plaintiff had "three strikes" pursuant to 28 U.S.C. § 1915(g) and had not established imminent danger. (ECF No. 3 at 1-2.) The Court informed Plaintiff that if he did not pay the full filing fee within thirty (30) days from the date of that order, the Court would dismiss the action without prejudice. (*Id.* at 3.) Plaintiff appealed. (ECF No. 5.) On February 27, 2017, the Ninth Circuit Court of Appeals dismissed the appeal. (ECF No. 9.) On March 6, 2017, this Court issued an order directing Plaintiff to submit a complaint and pay the full filing fee of $400 on or before March 24, 2017. (ECF No. 11.) The deadline has now expired and Plaintiff has not filed a complaint, paid the full filing fee, or otherwise responded to the Court's order.

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

(9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the Court finds that the first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket, weigh in favor of dismissal. The third factor, risk of prejudice to Defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor — public policy favoring disposition of cases on their merits — is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132-33; *Henderson*, 779 F.2d at 1424. The Court's order requiring Plaintiff to file a complaint and pay the full filing fee

on or before March 24, 2017, expressly stated: "It is further ordered that, if Plaintiff does not file a complaint and pay the full $400.00 filing fee on or before Friday, March 24, 2017, this action will be dismissed without prejudice." (ECF No. 11 at 2.) Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order to file a complaint and pay the full filing fee on or before March 24, 2017.

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff's failure to file a complaint and pay the $400.00 filing fee in compliance with this Court's March 6, 2017, order.

It is further ordered that the Clerk of Court shall enter judgment accordingly.

DATED THIS 5th day of April 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE